IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH JAMES, | : No. 3:23-CV-1862 |
| Petitioner | : |
| | : (Judge Munley) |
| v. | : |
| | : |
| CRAIG LOWE, | : |
| Respondent | : |

## MEMORANDUM

Petitioner Kenneth James is an immigration detainee in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE). He is currently being detained at Pike County Correctional Facility (PCCF) in Lords Valley, Pennsylvania. James commenced this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. He seeks immediate release from detention. For the reasons that follow, the court will deny James' Section 2241 petition without prejudice.

**I.   BACKGROUND**

James is a citizen and native of Dominica. (See Doc. 10-1 at 4, 6). He became a lawful permanent resident of the United States on a conditional basis in November 2003. (Id. at 6). In August 2017, James was charged in the United States District Court for the District of the Virgin Islands with conspiracy to possess with intent to distribute cocaine, 21 U.S.C. § 846, and possession with

intent to distribute cocaine, 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii)(II). (Id. at 16). In January 2018, James pled guilty to the conspiracy count and, on July 11, 2018, he was sentenced to 78 months' incarceration. (Id. at 9-11, 25).

In November 2021, while still serving his federal sentence, James was charged as removable under Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1227(a)(2)(A)(iii), and Section 237(a)(2)(B)(i) of the INA, 8 U.S.C. § 1227(a)(2)(B)(i). (Doc. 10-2 at 4). On January 10, 2023, an immigration judge found James removable; denied his applications for asylum, withholding of removal under the INA, and withholding of removal under the Convention Against Torture; and ordered James removed to Dominica. (Doc. 10-3 at 1-3). James did not appeal to the Board of Immigration Appeals, (see Doc. 1 at 3-4), so his removal order became final on February 10, 2023. (See Doc. 10-4 at 2 ¶ 4).

On March 1, 2023, James was released from the Bureau of Prisons' custody into ICE custody pursuant to the immigration detainer lodged against him. (See Doc. 1 at 2; Doc. 10-4 at 2 ¶ 5). He was initially held at Clinton County Correctional Facility but was transferred to PCCF three months later, where he is currently detained. (Doc. 10-4 at 2 ¶ 5).

The parties appear to agree that James is being detained pursuant to 8 U.S.C. § 1231(a)(6). (See Doc. 1 at 2 (noting that final order of removal was

2

issued and alleging that his detention exceeds presumptive "180[-]day time period" for removal); Doc. 9 at 6; Doc. 14 at 2-3). James has been detained by ICE for slightly less than fourteen months.

The gravamen of James' habeas petition is that his removal to Dominica is not "reasonably foreseeable" and therefore he should be released from ICE detention until travel documents are available. (See Doc. 1 at 6-8). Respondent timely responded to the Section 2241 petition. (See generally Docs. 9, 10). James filed a traverse, (Doc. 14), and his Section 2241 petition is therefore ripe for disposition.

## II.  STANDARD OF REVIEW

Under 28 U.S.C. § 2241(c), a prisoner or detainee may receive habeas relief only if he "is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989). Because James filed the instant petition while he was detained within the jurisdiction of this court, is still currently detained by ICE, and asserts that his continued detention violates due process, this court has jurisdiction over his Section 2241 petition. See Zadvydas v. Davis, 533 U.S. 678, 699 (2001); Spencer v. Kemna, 523 U.S. 1, 7 (1998).

## III.  DISCUSSION

James brings an as-applied due process challenge to his continued detention under Section 1231(a)(6).  He argues that his removal to Dominica is not reasonably foreseeable and therefore he should be released from detention while he awaits deportation.

Section 1231(a) of Title 8 of the United States Code "governs the detention, release, and removal of individuals 'ordered removed.'"  Johnson v. Arteaga-Martinez, 596 U.S. 573, 578 (2022).  Section 1231(a)(1)(A) provides that, following entry of a final order of removal, the United States generally must effectuate the noncitizen's removal during a 90-day "removal period."  8 U.S.C. § 1231(a)(1)(A).  That 90-day period begins to run, for noncitizens who are detained or confined for criminal offenses, on "the date the alien is released from [non-immigration] detention or confinement."  Id. § 1231(a)(1)(B)(iii).  Detention is mandatory during this first 90 days.  Id. § 1231(a)(2) ("During the removal period, the Attorney General *shall* detain the alien." (emphasis added)).

Following expiration of the 90-day removal period, certain noncitizens "may" be detained if they fall into one of four distinct categories: "(1) those who are 'inadmissible' on certain specified grounds; (2) those who are 'removable' on certain specified grounds; (3) those [determined] 'to be a risk to the community'; and (4) those [determined] to be 'unlikely to comply with the order of removal.'"

4

Arteaga-Martinez, 596 U.S. at 578-79 (quoting 8 U.S.C. § 1231(a)(6)).  How long a noncitizen may be detained pursuant to Section 1231(a)(6) following the 90-day removal period has been the subject of considerable litigation.

In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court held that Section 1231(a)(6) "does not permit indefinite detention," but rather "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States."  Zadvydas, 533 U.S. at 689.  Of course, the phrase "a period reasonably necessary to bring about that alien's removal" provides no easily ascertainable guidelines.  See Arteaga-Martinez, 596 U.S. at 586 (Thomas, J., concurring in part); see also Guerrero-Sanchez v. Warden York Cnty. Prison, 905 F.3d 208, 223-24 (3d Cir. 2018), abrogated on other grounds by Johnson v. Arteaga-Martinez, 596 U.S. 573 (2022).[1]  According to Zadvydas, a period reasonably necessary to bring about a noncitizen's removal from the United States is presumptively six months.  See Zadvydas, 533 U.S. at 701.

---

[1] In Johnson v. Arteaga-Martinez, the Supreme Court abrogated the Third Circuit's holding in Guerrero Sanchez that Section 1231(a)(6) presumptively "requires the Government to offer detained noncitizens bond hearings after six months of detention in which the Government bears the burden of proving by clear and convincing evidence that a noncitizen poses a flight risk or a danger to the community."  Arteaga-Martinez, 596 U.S. at 576.  The Court did not address the merits of the petitioner's individualized Due Process Clause challenge or hold that such a claim could not be pursued.  See id. at 583-84.  Moreover, the United States reassured the Arteaga-Martinez Court that "as-applied constitutional challenges" to prolonged detention under Section 1231(a)(6) "remain available."  Id. at 583.

5

Thus, noncitizens detained under Section 1231(a)(6) past the six-month presumptively constitutional period may bring an as-applied Due Process Clause challenge to their continued detention should that detention become prolonged and potentially unlawful. See Zadvydas, 533 U.S. at 699-701; Guerrero-Sanchez, 905 F.3d at 225; see also Johnson v. Guzman Chavez, 594 U.S. 523, 529 (2021) (citing Zadvydas, 533 U.S. at 689, 701). If the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must either rebut that showing or release the [noncitizen]." Guzman Chavez, 594 U.S. at 529 (internal quotation marks omitted) (citing Zadvydas, 533 U.S. at 701); see also 8 C.F.R. §§ 241.4, 241.13 (establishing agency procedures for determining whether noncitizens detained under 1231(a) past 90-day removal period should be released on supervision or remain in detention).

James alleges—without any evidence, support, or citation—that "ICE/DHS only [d]eported a total of 5 immigrants to the country of Dominica in 2022[.]" (Doc. 14 at 1). Notably, he provides no context for this claim, *e.g.*, how many noncitizens were awaiting removal to Dominica in the United States in 2022.[2] He

---

[2] The court takes judicial notice that Dominica is a small (751 square kilometers) island country in the Caribbean Sea that has a population of less than 75,000 people. See CIA.GOV, The World Factbook, Dominica, https://www.cia.gov/the-world-factbook/countries/dominica/#people-and-society (last visited Apr. 26, 2024).

argues that there is "no [c]ertainty as to when if ever [t]ravel [d]ocuments will be issued," and speculates that it could take "years" for his removal. (Id. at 2). Based on these unsupported contentions, he asks the court to order his immediate release. (Id. at 3).

Respondent counters by asserting that ICE has consistently endeavored to effectuate James' removal. To wit: on February 23, 2023, the ICE Removal and International Operations (RIO) team forwarded travel documents to the Consulate of Dominica. (See Doc. 10-4 at 2 ¶ 7). Over the course of the following nine months, RIO followed up with the Consulate of Dominica eight separate times regarding obtaining travel documents for James. (See id.) Moreover, the Consulate of Dominica has advised RIO that travel documents will be issued following approval from their capital, Roseau. (See id.)

In addition, Enforcement and Removal Operations (ERO) for ICE has regularly reviewed James' custody status, as required by 8 C.F.R. § 241.4(e), (f), and (g). (See id. at 2-3 ¶ 8; Doc. 10-5; Doc. 10-6). Following those reviews, however, ICE has continued James' detention on the ground that "his criminal history supports the conclusion that he poses a danger to society and/or a risk of flight," and because his removal will take place "in the reasonably foreseeable future." (Doc. 10-4 at 2-3 ¶ 8).

7

The court finds that James has failed to establish "good reason to believe" that there is not a "significant likelihood of removal in the reasonably foreseeable future." Guzman Chavez, 594 U.S. at 529. His unsupported arguments and speculation that it could take "years" to receive travel documents from Dominica are insufficient to substantiate a constitutional violation. Such conclusory claims could be made by nearly any noncitizen being detained under Section 1231(a) and awaiting removal. Accordingly, James' due process claim fails at the first step and that is the end of the matter. See Castaneda v. Perry, 95 F.4th 750, 756, 760 & n.9 (4th Cir. 2024) (explaining that, if petitioner has not made the required showing of "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the petitioner's "claim fails and we proceed no further").

Even if James had carried his burden, Respondent has rebutted that showing. ICE has followed up numerous times with the Consulate of Dominica and, importantly, has received a response that final approval is pending. ICE has also periodically reviewed James' custody. In light of these facts, James' approximate fourteenth-month detention is not so prolonged or without reason that it violates due process. Cf. Saint Jacques v. Dep't of Homeland Sec., No. 1:21-cv-1144, 2021 WL 4494623, at *2 (M.D. Pa. Sept. 30, 2021) (finding that detention under Section 1226(c) for "a little less than fourteen months" was not

*per se* unreasonable); see also Gabriel v. Barr, No. 1:20-cv-1054, 2021 WL 268996, at *3 (M.D. Pa. Jan. 27, 2021) (collecting cases).

The court, therefore, will deny James' Section 2241 petition. Denial will be without prejudice to James' right to file a new habeas petition in the future should his detention become unreasonably prolonged and he is able to proffer evidence showing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" that the United States cannot rebut. See Guzman Chavez, 594 U.S. at 529.

## IV. CONCLUSION

Based on the foregoing, the Court will deny James' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice. An appropriate Order follows.

Date: 4/26/24

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court